Beatriz Sosa-Morris (will apply for *pro hac vice* pending)
Bsosamorris@smnlawfirm.com
SOSA-MORRIS NEUMAN, PLLC
Texas State Bar No. 24076154
5612 Chaucer Dr.
Houston, TX 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

**LEAD ATTORNEY IN CHARGE FOR
PLAINTIFF AND CLASS MEMBERS**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Valentina Faltoni, on Behalf of Herself and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>v.<br><br>4716, Inc., d/b/a Hi Liter Gentleman's Club and Frank Zanzucchi, Individually,<br><br>            Defendants. | No.<br><br><br><br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**(JURY TRIAL REQUESTED)** |

Plaintiff Valentina Faltoni, on behalf of herself and on behalf of all others similarly situated, alleges as follows:

## I.    SUMMARY

1.    4716, Inc., d/b/a Hi Liter Gentleman's Club ("Hi Liter Gentleman's Club") and Frank Zanzucchi (hereinafter collectively referred to as "Defendants") required and/or permitted Valentina Faltoni (hereinafter "Plaintiff") to work as an exotic dancer at

their adult entertainment club in excess of forty (40) hours per week, but refused to compensate her at the applicable minimum wage and overtime rates.  In fact, Defendants refused to compensate Plaintiff whatsoever for any hours worked.  Plaintiff's only compensation was in the form of tips from club patrons.  Moreover, Plaintiff was required to divide her tips with Defendants and other employees who do not customarily receive tips.  Therefore, Defendants have failed to compensate Plaintiff at the federally-mandated minimum wage rate.

2.    Defendants' conduct violates the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay.  *See* 29 U.S.C. § 207(a).

3.    Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision.  *See* 29 U.S.C. § 206.

4.    Plaintiff brings a collective action to recover the unpaid overtime compensation and minimum wage owed to her individually and on behalf of all other similarly situated employees, current and former, of Defendants in Arizona.  Members of the Collective Action are hereinafter referred to as "FLSA Class Members."

5.    Additionally, Defendants' failure to compensate Plaintiff and all other non-exempt employees at a rate equal to or in excess of Arizona's required minimum wage violates the Arizona Wage Act, ARIZ. REV. STAT. ANN. § 23-350, et seq., and the Arizona Minimum Wage Act, ARIZ. REV. STAT. ANN. § 23-363, et seq.  Plaintiff, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover

unpaid wages and other damages owed under Arizona wage laws.  Members of the Rule 23 Class Action are hereinafter referred to as the "Arizona Class Members."

## II.    SUBJECT MATTER JURISDICTION AND VENUE

6.    This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.    This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because such claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive.

8.    Venue is proper in the District of Arizona because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants operate an adult entertainment club that is located in this District.

## III.    PARTIES AND PERSONAL JURISDICTION

9.    Plaintiff Faltoni is an individual residing in Maricopa County, Arizona.  Her consent to this action is attached hereto as Exhibit "A."

10.    The FLSA Class Members and Arizona Class Members are all current and former exotic dancers who worked in Arizona at Defendants' adult entertainment club at any time starting three (3) years before this Complaint was filed, up to the present.

11.    Defendant 4716, Inc., d/b/a Hi Liter Gentleman's Club is a domestic for-profit company doing business in Phoenix, Arizona.  Defendant may be served with process by serving its registered agent, owner, and president, Frank Zanzucchi, at 4728 N 12TH

St. Ste. B Phoenix, AZ 85014 or at 4716, Inc., d/b/a Hi Liter Gentleman's Club's physical location of 4716 N 12th St. Phoenix, AZ 85014.

12.     Defendant Frank Zanzucchi is an individual who resides in Maricopa County, Arizona.  He is the owner and registered agent of 4716, Inc., d/b/a Hi Liter Gentleman's Club. He may be served with process individually at the same address where he will be served as Defendant 4716, Inc., d/b/a Hi Liter Gentleman's Club's registered agent, located at 4716 N 12th St. Phoenix, AZ 85014, at his residence of 9633 W. Keyser Dr. Peoria, AZ 85383, or wherever else he may be found.

## IV.    COVERAGE

13.     At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

14.     At all material times, Defendants have been employers within the meaning of ARIZ. REV. STAT. ANN. § 23-350(3) and ARIZ. REV. STAT. ANN. § 23-362(B).

15.     At all material times, Defendants have operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).  That is, Defendants perform related activities through unified operation and common control for a common business purpose.  *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914–15 (9th Cir. 2003).

16.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce.  29 U.S.C. § 203(s)(1).

17.     Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

18.     At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

19.     At all material times, Plaintiff and the Arizona Class Members were employees of Defendants within the meaning of ARIZ. REV. STAT. ANN. § 23-350(2) and ARIZ. REV. STAT. ANN. § 23-362(A).

20.     Defendant Frank Zanzucchi is the owner and president of Defendant 4716, Inc., d/b/a Hi Liter Gentleman's Club.

21.     As the owner of Hi Liter Gentleman's Club, Defendant Frank Zanzucchi employed the Plaintiff, FLSA Class Members, and Arizona Class Members as employees who danced for and entertained customers.

22.     Defendant Frank Zanzucchi controlled the nature, pay structure, and employment relationship of Plaintiff, FLSA Class Members, and Arizona Class Members.

23.     Further, Defendant Frank Zanzucchi had, at all times relevant to this lawsuit, the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.  Additionally, he was responsible for the day-to-day affairs of the clubs.  In particular, he was responsible for determining whether his clubs complied with the Fair Labor Standards Act.

24.     As such, pursuant to 29 U.S.C. § 203(d), ARIZ. REV. STAT. ANN. § 23-350(3), and ARIZ. REV. STAT. ANN. § 23-362(B), Defendant Frank Zanzucchi acted directly or indirectly in the interest of Plaintiff's, FLSA Class Members' and Arizona Class Members' employment as their employer, which makes him individually liable under the FLSA and Arizona State Law.

## V.    FACTS

25.     Defendants operate an adult entertainment club in Phoenix, Arizona under the name of Hi Liter Gentleman's Club.

26.     Defendants employ exotic dancers at its aforementioned location.

27.     Plaintiff Faltoni was previously employed as an exotic dancer at Defendants' adult entertainment club.

28.     Plaintiff worked on a regular basis for Defendants' gentlemen establishment located in Phoenix, Arizona.

29.     Plaintiff was compensated exclusively through tips from Defendants' customers.  That is, Defendants did not pay Plaintiff whatsoever for any hours worked at their establishment.

30.     Furthermore, Defendants charged the Plaintiff a "house fee" per shift worked.  Defendants also required Plaintiff to share her tips with other non-service employees who do not customarily receive tips, including the managers, disc jockeys, and the bouncers.

31.     Defendants are in violation of the FLSA's tipped-employee compensation

provision, 29 U.S.C. § 203(m), which requires employers to pay a tipped employee a minimum of $2.13 per hour.  Defendants also violated 29 U.S.C. § 203(m) when they failed to notify the Plaintiff about the tip credit allowance (including the amount to be credited) before the credit was utilized.  That is, Defendants' exotic dancers were never made aware of how the tip credit allowance worked or what the amounts to be credited were.  Furthermore, Defendants violated 29 U.S.C. § 203(m) because they did not allow Plaintiff to retain all of her tips and instead required that she divide her tips amongst other employees who do not customarily and regularly receive tips.  Because Defendants violated the tip-pool law, Defendants lose the right to take a credit toward minimum wage.

32.    Furthermore, Defendants are in violation of Arizona's tipped-employee compensation provision, ARIZ. REV. STAT. ANN. § 23-363(C), which provides that "the employer may pay a wage up to $3.00 per hour less than the minimum wage if the employer can establish . . . that for each week, when adding tips received to wages paid, the employee received not less than the minimum wage for all hours worked." Defendants failed to compensate Plaintiff with wages for any hours worked in violation of the Arizona Minimum Wage Act.

33.    Defendants illegally classified the dancers as independent contractors. However, at all times, Plaintiff, FLSA Class Members, and Arizona Class Members were employees of Defendants.

34.    Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer

with regard to the dancers.

35.     In addition, Defendants instructed the dancers about when, where, and how they were to perform their work.

36.     The following further demonstrates the dancers' status as employees:

    a.     Defendants have the sole right to hire and fire the dancers;

    b.     Defendants required dancers to complete an employee application as a prerequisite to their employment;

    c.     Defendants made the decision not to pay overtime;

    d.     Defendants provide the dancers with music equipment and a performing stage;

    e.     Defendants supervise the dancers;

    f.     The dancers have made no financial investment with Defendants' business;

    g.     Defendants schedule dancers and as such have sole control over their opportunity for profit;

    h.     Defendants suspended dancers for violations of their rules of conduct;

    i.     Defendants set the prices for house fees, dances, and tip outs; and

    j.     The dancers were hired as permanent employees and many have worked for Defendants for years.

37.     Defendants misclassified Plaintiff, FLSA Class Members, and Arizona Class Members as independent contractors to avoid Defendants' obligation to pay them

pursuant to the FLSA.

38.    Plaintiff is not exempt from the overtime and minimum wage requirements under the FLSA.

39.    Although Plaintiff and FLSA Class Members are required to and do in fact frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek. In fact, they receive no compensation whatsoever from Defendants and thus, Defendants violate the minimum wage requirement of the FLSA. *See* 29 U.S.C. § 206.

40.    Defendants' method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.  Defendants misclassified Plaintiff with the sole intent to avoid paying her in accordance to the FLSA.

41.    Defendants' method of paying Plaintiff and the Arizona Class Members was in violation of the Arizona Minimum Wage Act and Arizona Wage Law and was willful and not based on a good faith and reasonable belief that its conduct complied with Arizona Law.

## VI.    EQUITABLE TOLLING

42.    The doctrine of equitable tolling preserves a plaintiff's full claim when a strict application of the statute of limitations would be inequitable.  *See Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757, 760–61 (9th Cir. 1981), *abrogated on other grounds by Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989).

43.    Equitable tolling is proper when an employer has engaged in misleading conduct.   Defendants intentionally misled the Plaintiff into believing that it was not required to pay her minimum wage and/or overtime for hours worked in excess of forty (40) hours per workweek.  Defendants coerced the Plaintiff, FLSA Class Members, and Arizona Class Members into believing that they were independent contractors. Consequently, the Plaintiff, FLSA Class Members, and Arizona Class Members were victims of fraud and unable to ascertain any violation taking place.

44.    Thus, the statute of limitations for the Plaintiff, FLSA Class Members, and Arizona Class Members should be equitably tolled due to Defendants' fraudulent concealment of the Plaintiff's, FLSA Class Members' and Arizona Class Members' rights.  Plaintiff therefore seeks to have the limitations period extended from the first date that Defendants used this covert payroll practice up to the time each Plaintiff joins this lawsuit.

## VII.    CAUSES OF ACTION

COUNT I
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME
(COLLECTIVE ACTION)

50.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

51.    Defendants' practice of failing to pay Plaintiff and FLSA Class Members time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.  In fact, Defendants do not compensate them whatsoever for any hours worked.

52.     In at least one week Plaintiff and the FLSA Class Members that she seeks to represent worked more than 40 hours per week, but were not compensated at all by Defendants.

53.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants or the Plaintiff.

COUNT II
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY THE MINIMUM WAGE
(COLLECTIVE ACTION)

54.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

55.     Defendants' practice of failing to pay Plaintiff and FLSA Class Members at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.  In fact, Defendants do not compensate them whatsoever for any hours worked and have violated the tip credit provision under the FLSA as described above.

56.     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiff.

COUNT III
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO KEEP ADEQUATE RECORDS
(COLLECTIVE ACTION)

57.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

58. Defendants failed to keep adequate records of Plaintiff's and FLSA Class Members' work hours and pay in violation of section 211(c) of the Fair Labor Standards Act. *See* 29 U.S.C. § 211(c).

59. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

a. The time of day and day of week on which the employees' work week begins;

b. The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d. The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e. The hours worked each workday and total hours worked each workweek;

f. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g. The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

h. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i. The dates, amounts, and nature of the items which make up the total additions and deductions;

j. The total wages paid each pay period; and

k. The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

60.    Defendants have not complied with federal law and have failed to maintain such records with respect to the Plaintiff and FLSA Class Members. Because Defendants' records are inaccurate and/or inadequate, Plaintiff and FLSA Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*¸ 328 U.S. 680, 687 (1946). Plaintiff does not seek affirmative relief because of Defendants' violations of the FLSA's record keeping requirements. Instead, Plaintiff seeks to put Defendants on notice that she intends to rely on *Mt. Clemens Pottery Co.* to prove the extent of her unpaid work.

COUNT IV
VIOLATION OF ARIZONA MINIMUM WAGE ACT
FAILURE TO PAY MINIMUM WAGE
(CLASS ACTION)

61.    Plaintiff and Arizona Class Members incorporate all allegations contained in the foregoing paragraphs.

62.    Defendants' practice of willfully failing to pay Plaintiff and Arizona Class Members wages at the rate of the Arizona Minimum Wage violates the Arizona Minimum Wage Act. ARIZ. REV. STAT. ANN. § 23-363(A), (C). In fact, Defendants do not compensate them whatsoever for any hours worked and have violated the tipped-employee compensation provision under Arizona law as described above.

COUNT V

VIOLATION OF ARIZONA WAGE LAW
FAILURE TO PAY WAGES DUE
(CLASS ACTION)

62.    Plaintiff and Arizona Class Members incorporate all allegations contained in the foregoing paragraphs.

63.    Defendants' practice of willfully failing to pay Plaintiff and Arizona Class Members wages for labor performed violates Arizona Wage Law. ARIZ. REV. STAT. ANN. § 23-351(C).  In fact, Defendants do not compensate them whatsoever for any hours worked.

## VIII.  COLLECTIVE ACTION ALLEGATIONS

**A.    FLSA Class Members**

64.    Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers at any time during the three (3) years prior to the commencement of this action to present.

65.    Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate.  That is, Plaintiff works with other dancers in Phoenix, Arizona.  As such, she has first-hand personal knowledge of the same pay violations throughout Defendants' multiple establishments.  Furthermore, other exotic dancers at Defendants' various establishments have shared with her similar pay violation experiences as those described in this complaint.

66.     Other employees similarly situated to the Plaintiff work or have worked for Defendants' gentlemen's club business, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek. Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

67.     Although Defendants permitted and/or required the FLSA Class Members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty.  Defendants have also denied them full compensation at the federally mandated minimum wage rate.

68.     FLSA Class Members perform or have performed the same or similar work as the Plaintiff.

69.     FLSA Class Members regularly work or have worked in excess of forty hours during a workweek.

70.     FLSA Class Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

71.     As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

72.     Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

73.    The experiences of the Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

74.    The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

75.    All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

76.    All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

77.    Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula.  The claims of all FLSA Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all FLSA Class Members.

78.    As such, Plaintiff brings her FLSA overtime and minimum wage claims as a collective action on behalf of the following class:

> **The FLSA Class Members are all of Defendants' current and former exotic dancers who worked at the Hi Liter Gentlemen's Club located in Phoenix, Arizona at any time starting three years before this Complaint was filed up to the present.**

**B.    Arizona Class Action**

79.    Plaintiff and the Arizona Class Members incorporate all preceding paragraphs as though fully set forth herein.

80.    Plaintiff brings her Arizona wage claims as a Rule 23 class action on behalf of the following class:

> **The Arizona Class Members are all of Defendants' current and former exotic dancers who worked at the Hi Liter Gentlemen's Club located in Phoenix, Arizona at any time starting three years prior to the filing of this Complaint through the present.**

81.    <u>Numerosity</u>.  The number of members in the Arizona Class is believed to be over fifty (50).  This volume makes bringing the claims of each individual member of the class before this Court impracticable.  Likewise, joining each individual member of the Arizona Class as a plaintiff in this action is impracticable.  Furthermore, the identity of the members of the Arizona Class will be determined from Defendants' records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the Arizona Class and Defendants.

82.    <u>Typicality</u>.  Plaintiff's claims are typical of the Arizona Class because like the members of the Arizona Class, Plaintiff was subject to Defendants' uniform policies and practices and was compensated in the same manner as others in the Arizona Class. Defendants failed to pay non-exempt employees who worked at Hi Liter Gentlemen's Club overtime wages for all of their overtime hours worked.  All members of the Arizona Class worked substantially more than eight (8) hours in a day and forty (40) hours in a workweek.  Plaintiff and the Arizona Class were likewise not paid minimum wage for all

of their hours worked.  Plaintiff and the Arizona Class have been uncompensated and/or under-compensated as a result of Defendants' common policies and practices which failed to comply with Arizona law.

83.    <u>Adequacy</u>.  Plaintiff is a representative party who will fairly and adequately protect the interests of the Arizona Class because it is in her interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under Arizona law.  Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the Arizona Class she seeks to represent.

84.    <u>Commonality</u>.  Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

      a.    Whether Plaintiff and the Arizona Class worked more than forty (40) hours in a workweek;

      b.    Whether Defendants failed to pay Plaintiff and the Arizona Class overtime wages for all hours worked over over forty (40) hours in a workweek; and

      c.    Whether Defendants failed to pay Plaintiff and Arizona Class the minimum wage for all hours worked.

85.    The common issues of law include, but are not limited to:

      a.    Whether Defendants improperly classified Plaintiff and the Arizona Class as exempt;

      b.    Whether Plaintiff and the Arizona Class are entitled to compensatory damages;

c.    The proper measure of damages sustained by Plaintiff and the Arizona Class; and

d.    Whether Defendants' actions were "willful."

86.    <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the Arizona Class could afford to pursue individual litigation against companies the size of Defendants, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the Arizona Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

87.    A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Arizona Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency.  The identity of members of the Arizona Class is readily identifiable from Defendants' records.

88.    This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on each Defendant to prove it properly compensated its employees; and (3) the burden is on each Defendant to accurately record hours worked by employees and meal periods taken.

89.     Ultimately, a class action is a superior forum to resolve the Arizona claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff and the Arizona Class according to applicable Arizona laws.

90.     <u>Nature of notice to be proposed</u>.  As to the Rule 23 Class, it is contemplated that notice would be issued giving putative class members an opportunity to opt out of the class if they so desire, *i.e.* "opt-out notice."  Notice of the pendency and resolution of the action can be provided to the Arizona class by mail, electronic mail, print, broadcast, internet and/or multimedia publication.

## IX.    **DAMAGES SOUGHT**

91.     Plaintiff, FLSA Class Members, and Arizona Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

92.     Additionally, Plaintiff, FLSA Class Members, and Arizona Class Members are entitled to recover their unpaid overtime compensation.

93.     Plaintiff, FLSA Class Members, and Arizona Class Members are also entitled to all of the misappropriated funds.

94.     Plaintiff and FLSA Class Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

95.     Plaintiff and FLSA Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

96.     Plaintiff and Arizona Class Members are entitled to an amount equal to wages owed, interest thereon, and an additional amount equal to twice the underpaid wages.  ARIZ. REV. STAT. ANN. § 23-364(G).

97.     Plaintiff and Arizona Class Members are entitled to treble the amount of wages unpaid under Arizona Wage Law. ARIZ. REV. STAT. ANN. § 23-355(A).

98.     The treble damages provision set forth in ARIZ. REV. STAT. ANN. § 23-355(A) may be applied to treble a liquidated damages award received under the FLSA pursuant to this Court's supplemental jurisdiction. *Davis v. Jobs for Progress*, 427 F. Supp. 479, 483 (D. Ariz. 1976).

99. Plaintiff and Arizona Class Members are entitled to recover attorney's fees and costs under ARIZ. REV. STAT. ANN. §§ 12-341, 12-341.01, 23-364(G).

## X.     JURY DEMAND

100.    Pursuant to their rights under the Constitution of the United States, U.S. Const. amend VII, and Fed. R. Civ. P. 38(a), Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

101.    For these reasons, Plaintiff, FLSA Class Members, and Arizona Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a.     Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

b.     All unpaid wages at the FLSA mandated minimum wage rate;

c.    All misappropriated funds;

d.    An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

e.    An amount equal to wages owed, interest thereon, and an additional amount equal to twice the underpaid wages pursuant to ARIZ. REV. STAT. ANN. § 23-364(G);

f.    An amount equal to treble the amount of wages unpaid under Arizona Wage Law and liquidated damages pursuant to ARIZ. REV. STAT. ANN. § 23-355(A);

g.    Prejudgment and post-judgment interest on unpaid back wages pursuant to the FLSA and/or ARIZ. REV. STAT. ANN. § 23-364(G);

h.    Tolling of the statute of limitations;

i.    Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA and ARIZ. REV. STAT. ANN. §§ 12-341, 12-341.01, 23-364(G);

j.    In the event Defendants fail to satisfy any judgment for Plaintiff with respect to the Arizona wage claims, an award that Defendants shall pay Plaintiffs an amount which is treble the amount of the outstanding judgment with interest thereon at the then legal rate in accordance with ARIZ. REV. STAT. ANN. § 23-360; and

k.    Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

By: /s/ Beatriz Sosa-Morris

Beatriz Sosa-Morris (will apply for *pro hac vice* admission)
SOSA-MORRIS NEUMAN, PLLC
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844

Facsimile: (281) 885-8813

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF
AND CLASS MEMBERS

OF COUNSEL:
John Neuman (will apply for *pro hac vice* admission)
JNeuman@smnlawfirm.com
Texas State Bar No. 24083560
SOSA-MORRIS NEUMAN, PLLC
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813